# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK DEAN ATHERTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–1177−MJR |
| | ) |
| JOHN BALDWIN, | ) |
| NICK LAMB, | ) |
| RUSSEL GOINS, | ) |
| DEEDEE BROOKHART, and | ) |
| HEALTHER CICIL | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Frank Dean Atherton, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests injunctive relief, including a preliminary injunction, (Doc. 7), declarative relief, and damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiff originally filed this suit in the Central District on May 17, 2018. (Doc. 1). It was transferred to this District on May 29, 2018. (Doc. 8).

Plaintiff alleges that his First and Fourteenth Amendment rights are being violated by prison staff at Lawrence Correctional Center. Specifically, Plaintiff alleges that the mailroom improperly rejected his correspondence to a Miss Virginia Evans on November 29, 2017 because a parolee lives with her. (Doc. 1, p. 10). Plaintiff's letter to the Bruch Creek Business requesting a catalog was also rejected by the mailroom on November 29, 2017. *Id*.

Plaintiff received a note from the mailroom on November 7, 2017 noting that they had intercepted an unauthorized item and stating that Plaintiff must return or destroy the items within 30 days. *Id*. Plaintiff was not given the opportunity to appeal. *Id*.

Plaintiff received open correspondence from the U. S. Department of Justice on February 8, 2018. *Id*. The mailroom also opened correspondence from the Illinois Court of Claims that was clearly marked legal mail. *Id*.

Plaintiff was also corresponding with the Human Rights Defense Center in Lakeworth, but his letter was rejected because Sabarish Neelakanta was not an attorney of the state of Illinois. *Id*. Plaintiff's letter to Charles J. Ogletree of Harvard Law School was also rejected because Mr. Ogletree was not an attorney or a legal buddy. *Id*.

The mailroom informed Plaintiff that he had received unauthorized items from Inmate Services. (Doc. 1, p. 11). The mailroom alleged the items were pornographic, but Inmate Services does not sell pornographic materials. *Id*. Plaintiff was informed the materials would be destroyed after 30 days. *Id*.

Plaintiff sent correspondence to William Savoie, an attorney in Houston, Texas. *Id*. The letter came back opened. *Id*.

Plaintiff alleges that that Lamb, Goins, and Brookhart approved publication censorship decisions. (Doc. 1, pp. 3-4). Cicil acted as the mailroom supervisor at Lawrence. (Doc. 1, p. 5). She did not give Plaintiff the opportunity to appeal when his publications were not delivered to him, and was directly involved in each incident of censorship at Lawrence. (Doc. 1, p. 5). Plaintiff alleges that all Defendants had full knowledge of the censorship at issue. (Doc. 1, pp. 3-5).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Defendants interfered with Plaintiff's non-legal mail in violation of the First Amendment;
>
> **Count 2** – Defendants interfered with Plaintiff's legal mail in violation of the First Amendment.

Plaintiff has also attempted to bring another Count, but for the reasons elucidated below, this claim does not survive threshold review.

> **Count 3** – Defendants deprived Plaintiff of his due process rights when they confiscated his materials without allowing him to appeal the decision in violation of the Fourteenth Amendment.

The Court has split Plaintiff's First Amendment mail claims into 2 different counts because the law distinguishes between legal and non-legal mail, and it appears that both kinds of mail may be at issue in this case. While the First Amendment offers some protection to all kinds of inmate mail, legal mail is entitled to slightly more protection. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) ("Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts."). All that is required as to non-legal mail is that the regulation at issue be reasonably related to legitimate penological interests. *Id*. Reasonable penological interests include crime deterrence, rehabilitation, and the safety and security of the institution. *Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011).

Prison officials may inspect all mail for contraband, but a prisoner's rights may be violated when legal mail is opened outside of his presence. *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974); *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). A letter marked with an attorney's name and a warning that the letter is legal mail will be considered legal mail. *Kaufman*, 419 F.3d at 685-686. Legal mail also includes other mail relating to the prisoner's

4

legal proceedings such as communications between prisoners and courts or agencies. *See Guajardo–Palma v. Martinson,* 622 F.3d 801, 804 (7th Cir. 2010).

Although further factual development is required, it is plausible from Plaintiff's Complaint that his non-legal mail was stopped for non-penological purposes. It is also a plausible reading from the Complaint that Defendants opened or otherwise interfered with legal mail. Therefore **Counts 1-2** shall proceed in this action.

However, **Count 3** must be dismissed at this time. Plaintiff alleges that he was deprived of his due process rights based on 2 incidents. The first incident, which took place on November 7, 2017 involved an item that Plaintiff has not described. In the second incident, prison officials confiscated Plaintiff's incoming photographs. Plaintiff alleges that he was deprived of his Fourteenth Amendment Due Process rights because he was not permitted to appeal the confiscation. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis,* 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat.. 505/8 (1995). Therefore **Count 3** will be dismissed with prejudice against the Defendants, but Plaintiff may pursue his property claim in the Illinois Court of Claims, should he choose to do so.

## Pending Motions

Plaintiff's Motions asking for the Court to recruit an attorney will be referred to a United States Magistrate Judge for disposition. (Doc. 4)(Doc. 11).

Plaintiff's Motion for a preliminary injunction is also referred a United States Magistrate Judge for prompt disposition. (Doc. 7).

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-2** survive threshold review against Baldwin, Lamb, Goins, Brookhart, and Cicil. **Count 3** is dismissed with prejudice because Plaintiff has an adequate state-law remedy as to his due process claim.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Baldwin, Lamb, Goins, Brookhart, Cicil: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting

service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 27, 2018**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**
